**H & S REALTY CO.,**
**Judgment Creditor,**

v.

**James F. DONOGHOE,**
**Judgment Debtor.**

Civ. No. 88–0048–P.

United States District Court,
D. Maine.

May 28, 1991.

Michael A. Nelson, Peter B. LaFond, Jensen, Baird, Gardner & Henry, Portland, Me., for H & S Realty Co.

Paul F. Zendzian, Poulos, Campbell & Zendzian, Portland, Me., for Donoghoe.

ORDER TO DEFENDANT JAMES F. DONOGHOE TO APPEAR BEFORE THE COURT FOR DISCLOSURE OF ASSETS IN RESPECT TO ENFORCEABILITY OF JUDGMENT ENTERED HEREIN ON MARCH 30, 1989 (Docket No. 28) AND EXECUTION THEREON ENTERED ON AUGUST 14, 1990 (Docket No. 30)

GENE CARTER, Chief Judge.

This file comes to the Court on regular calendar review and the Court has noted it as a case in which efforts are made by Plaintiff to obtain disclosure of the Defendant for purposes of determining the enforceability of an Execution issued herein against Defendant James F. Donoghoe on August 14, 1990 (Docket No. 30) on a Judgment entered herein on March 30, 1989 (Docket No. 28).[1]

On January 9, 1991, a further disclosure subpoena was issued by this Court and served upon Defendant on February 17, 1991, requiring him to appear for purposes of disclosure before this Court on March 6, 1991. The Clerk's minutes disclose that a hearing was held before the United States Magistrate Judge on March 5, 1991, at which the Court heard oral argument on a motion to quash the subpoena. The Clerk's notes state "Disclosure hearing scheduled originally for 3/6/91 continued until sometime after Judge Carter rules on Defendant's objection to D.M.C.'s [the Magistrate Judge's] ruling from bench." Clerk's Minutes of March 5, 1991. Plaintiff had filed on February 27, 1991 its Objection to De-

---

1. Several subpoenas to the judgment debtor to appear, disclose, and produce specified records were issued by the Clerk, apparently at the request of Plaintiff's counsel. The record is confused as to which, if any, of them were actually served on Defendant. It does appear that Defendant's counsel filed a motion to quash one of the subpoenas on February 26, 1991 (Docket No. 31). The United States Magistrate Judge endorsed the motion on March 5, 1991:

After hearing this date, motion *DENIED* for the reasons stated on the record. The disclosure hearing scheduled for 3/6/91 is continued generally to be reset by the Clerk following a ruling by the Court on an objection to this order which the judgment debtor has indicated he intends to file.

Endorsement on Motion to Quash, Docket No. 31.

fendant's Motion to Quash (Docket No. 32), and Defendant had filed a reply to that objection on March 4, 1991 (Docket No. 33). No formal appeal of the Magistrate Judge's action by endorsement upon the Motion to Quash of March 5, 1991 appears to ever have been filed. It appears, however, that the issues generated by the Motion to Quash, Plaintiff's objection thereto, and Defendant's reply to the objection were presented by the consent of the parties to this Court for a determination of the correctness of the Magistrate Judge's ruling. The Court found, by endorsement on April 16, 1991, "no clear error in the Magistrate Judge's refusal to quash the subpoena. So *ORDERED*." Endorsement on Plaintiff's Objection to Defendant's Motion to Quash (Docket No. 32).

Thereafter, on May 2, 1991, the United States Magistrate Judge issued an Order to Show Cause (Docket No. 34) to Defendant requiring that

[t]he judgment debtor having failed to appear pursuant to subpoena at a disclosure hearing noticed for this date at 2:00 p.m., and the judgment creditor having made in open court an oral motion for contempt for the judgment debtor's failure to appear, pursuant to 14 M.R.S.A. § 3134(2), and the judgment creditor, through his counsel who did appear at the scheduled disclosure hearing, having waived on the judgment debtor's behalf the statutory requirement that the judgment debtor be served with a contempt subpoena, ... that the judgment debtor appear in this court on May 16, 1991 at 2:00 p.m. and show cause why he should not be held in civil contempt and why such other process shall not issue in accordance with the Maine Enforcement of Money Judgments Act, 14 M.R.S.A. §§ 3120-36.

Order to Show Cause of May 2, 1991 (Docket No. 34). Thereafter there occurred the

Court's review of this file on regular calendar review.

As a result of the Court's review, it is convinced that counsel are wasting a great deal of time over unproductive procedural matters that have not been thoroughly thought out by counsel in an effort to achieve reasonable enforcement of this Court's Judgment and the Execution issued thereon. The Court is concerned that there is apparent agreement between the parties to make a record for appeal to the United States Court of Appeals of what, from a practical standpoint, are basically frivolous, sterile procedural issues. The Court acknowledges that there is, on the present record, substantial doubt as to whether the Maine Enforcement of Money Judgments Act, 14 M.R.S.A. §§ 3120-36, may properly operate to extend the range of a subpoena issued under that statute and Federal Rule of Civil Procedure 64, as that range is defined by Federal Rules of Civil Procedure 4(f) and 45. It is clear to the Court, however, that there is no need to resolve that question in this case on a proper procedural initiative of Plaintiff's counsel.[2] This is a case in which the lawyers have become so fascinated with lawyers' nice games, for reasons of either profit or professional zeal, that the games have become "the tail that wags the dog."

The Court is satisfied that there does exist a justiciable controversy between this Plaintiff and the Defendant with respect to the enforceability of the Execution issued on this Court's Judgment herein; that Defendant is a party to this proceeding; that Defendant is, therefore, subject to the jurisdiction of this Court; that Defendant is answerable to all orders of the Court issued to him within the exercise of this Court's jurisdiction; and that this Court "may issue all writs necessary or appropriate in aid of [its] ... jurisdiction[] and

---

**2.** Such an initiative might well be simply a request to this Court to enter its order requiring the judgment debtor, as a party in a proceeding in this Court, to appear to be disclosed on his assets, as the Court does *sua sponte* today.

An additional initiative might be for Plaintiff's counsel to register the Court's Judgment, pursuant to 28 U.S.C. § 1963, in the United States

District Court for the District of Connecticut where the judgment debtor apparently now resides. His disclosure could then be obtained by an appropriate procedure of that court, thereby sidestepping the jurisdictional and service of process issues generated by Plaintiff's counsel's pending initiative in this Court.

agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Court is satisfied that it is appropriate and necessary for this Defendant to respond to the desire of the Plaintiff, no matter how procedurally misguided in its expression the Plaintiff may have been, to appear before this Court and to disclose those of his assets that may be subject to the Execution of this Court issued herein.

The Court is further satisfied that no useful purpose is served by continuing the procedural battle between the parties over the appropriateness of the procedure invoked by Plaintiff in the attempt to obtain disclosure of Defendant's assets or with the making of an unnecessary and frivolous appeal on technical issues to the United States Court of Appeals for the First Circuit.

The Court has the authority under the All Writs Act, 28 U.S.C. § 1651(a), *by its order* to Defendant *as a party in this case* over whom the Court has jurisdiction, to require him, on reasonable notice, to appear before this Court to disclose upon his assets subject to the reach of the Court's Execution. It is "necessary" in the exercise of the Court's jurisdiction to enforce its Judgment and Execution to order him to do so. Such action renders academic, if not moot, the ongoing procedural wrestlings of counsel and the Magistrate Judge in respect to the applicability to this Defendant of the Maine Enforcement of Money Judgments Act, 14 M.R.S.A. §§ 3120–36.

Accordingly, on the basis of the Court's finding that (1) a justiciable controversy exists; (2) Defendant is a party to the matter now before the Court; (3) the Court has jurisdiction over the said Defendant for purposes of enforcement of its Execution and Judgment entered herein; (4) it is necessary to order Defendant to disclose on his assets; and finally, in the interests of justice and in order to conserve judicial resources and to avoid further unnecessary and useless expenditure of time, effort, and resources of counsel for both parties and the Court, and pursuant to this Court's authority under 28 U.S.C. § 1651(a) to issue all orders necessary or appropriate in aid of this Court's jurisdiction in the enforcement of its Execution and Judgment herein, it is hereby *ORDERED* that Defendant James F. Donoghoe, Woodstock Road, Hamden, Connecticut 06514, appear before this Court at 156 Federal Street on June 14, 1991 at 1:00 p.m. to attend a disclosure hearing for the purpose of determining his ability to pay the judgment debt herein of Sixty–Four Thousand One Hundred Thirty–Four Dollars ($64,134.00) plus interest and costs. If Defendant is unable to pay, the Court will not require him to pay. If Defendant is able to pay, the Court will make an order requiring Defendant to pay in installments or all at once, depending upon his ability to do so. The Court may also order Defendant to turn over a portion of his property to the judgment creditor. Some of Defendant's property or income may be exempt from a Court order. Defendant should attend the disclosure hearing with counsel to protect any exempt property or income. Defendant will have the opportunity to testify about his ability to pay the debt.

Defendant is to bring with him to the hearing aforesaid and produce thereat the following documents:

(1) Copies of Defendant's 1987, 1988, and 1989 income tax returns and records indicating all income received in the tax years 1988 and 1989.

(2) If Defendant currently participates in the operation of a business, either as a shareholder, partner, proprietor, or otherwise, he shall bring and produce books of account, any existing profit and loss statements, and balance sheets of such business.

(3) Copies of all life insurance policies and copies of all notes, security agreements, contracts, or other evidences of indebtedness which Defendant owes or which are owed to him.

(4) A list of all securities, bank accounts, certificates of deposit, and safe deposit boxes owned by Defendant, including identification by name and number of each such item and the value thereof.

(5) A description of all real estate owned by Defendant, including the statement of all mortgages, liens, or other encumbrances thereon.

(6) Copies of all insurance policies covering property, such as homeowners, automobile, boat, recreational vehicle, personal articles floater, and the like.

Defendant is advised that upon his failure to appear as herein ordered, the Court will forthwith issue its order to show cause why he should not be held in contempt of this order.