IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



November 08, 2021 03:59 PM
SX-2006-CV-00627
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| JOSEPH MATHURIN, | Case No. SX-2006-CV-00627 |
| PLAINTIFF, | Complex Litigation Division |
| v. | Action for Damages |
| HESS OIL VIRGIN ISLANDS CORPORATION, AMERADA HESS CORPORATION, AND SPX CORPORATION, AS SUCCESSOR-IN-INTEREST TO LITWIN CORPORATION, | Jury Trial Demanded |
| DEFENDANTS. | |

HESS OIL VIRGIN ISLANDS CORPORATION AND
HESS CORPORATION F/K/A AMERADA HESS
CORPORATION,

THIRD-PARTY
PLAINTIFFS,

v.

ALLTITE GASKET COMPANY; AUSTIN INDUSTRIAL,
INC. F/K/A TECHNICAL MAINTENANCE, INC.,
AUSTIN TMI, INC. AND/OR AUSTIN INDUSTRIES;
CONTROL ASSOCIATES; DARCOID INTERNATIONAL
A/K/A THE DARCOID COMPANY, INC. A/K/A
DARCOID RUBBER COMPANY (N/K/A DARCOID
COMPANY OF CALIFORNIA); ELLIOT COMPANY, A
DIVISION OF CARRIER; GERARD PACKING &
BELTING CORPORATION; JOHN CRANE F/K/A
CRANE PACKING COMPANY (N/K/A JOHN CRANE,
INC.); JOHN ZINK COMPANY N/K/A ZINKLAHOMA,
INC. AND/OR JOHN ZINK COMPANY, LLC; MADSEN
& HOWELL, INC.; THE RALPH M. PARSONS
COMPANY (N/K/A PARSONS GOVERNMENT
SERVICES, INC. F/K/A PARSONS INFRASTRUCTURE
& TECHNOLOGY GROUP, INC., AS SUCCESSOR-IN-
INTEREST TO THE RALPH M. PARSONS COMPANY);
RARITAN SUPPLY COMPANY, INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO BRIDGE SUPPLY
COMPANY; RUBBER AND GASKET COMPANY OF

PUERTO RICO, INC.; STANDCO INDUSTRIES, INC.;
STERLING PACKING & GASKET DIVISION;
STRAHMAN VALVES, INC.; UNION PUMP COMPANY
(N/K/A CLYDEUNION PUMPS); FOSTER-WHEELER
(N/K/A AMEC FOSTER-WHEELER); GENERAL
ELECTRIC COMPANY; RIGGERS & ERECTORS
INTERNATIONAL; RIGGERS & ERECTORS VIRGIN
ISLANDS; VIRGIN ISLANDS INDUSTRIAL
MAINTENANCE CORP.; 3M A/K/A MINNESOTA
MINING & MANUFACTURING COMPANY; 3M
PUERTO RICO, INC.,

THIRD-PARTY
DEFENDANTS.

Cite as: 2021 VI Super 110

**Appearances:**

**THOMAS ALKON, ESQ.**
Thomas Alkon, P.C.
Christiansted, VI 00820
*For Joseph Mathurin*

**JERRY HUDSON EVANS, ESQ.**
Rogers, Patrick, Westbrook & Brickman, LLC
Mt. Pleasant, S.C. 29465
*For Joseph Mathurin*

**CARL A. BECKSTEDT, III, ESQ.**
Beckstedt & Kuczynski LLP
Christiansted, VI 00820
*For Hess Oil Virgin Islands Corporation and Hess Corporation*

**ANDREW C. SIMPSON, ESQ.**
Andrew C. Simpson, P.C.
Christiansted, VI 00820
*For SPX Corporation and John Zink Company*

**DOUGLAS L. CAPDEVILLE, ESQ.**
Law Office of Douglas L. Capdeville, P.C.
Christiansted, VI 00820
*For Control Associates*

**MARK D. HODGE, ESQ.**
Hodge & Hodge
St. Thomas, VI 00802
*For Parsons Government Services, Inc.*

**RICHARD H. HUNTER, ESQ.**
Hunter & Cole
Christiansted, VI 00820
*For Raritan Supply Company, Strahman Valves, Inc., Elliot Company, and General Electric Company*

**JOHN H. BENHAM, ESQ.**
**BOYD L. SPREHN, ESQ.**
Law Office of John H. Benham, P.C.
St. Thomas, VI 00801
*For Gerard Belting and Packing Corporation, Standco Industries, Inc., and Sterling Packing & Gasket Division*

**RYAN C. STUTZMAN, ESQ.**
CSA Associates, P.C.
Christiansted, VI 00820
*For Austin Industrial, Inc. f/k/a Technical Maintenance, Inc., Austin TMI, Inc., Austin Industries, Virgin Islands Industrial Maintenance Corporation, Union Pump Company, Riggers & Erectors International, Inc., and Riggers & Erectors Virgin Islands Corporation*

**MATTHEW P. CERADINI, ESQ.**
Ceradini Law, PLLC
Raleigh, NC 27615
*For Austin Industrial, Inc. f/k/a Technical Maintenance, Inc., Austin TMI, Inc., Austin Industries, Virgin Islands Industrial Maintenance Corporation, Union Pump Company, Riggers & Erectors International, Inc., and Riggers & Erectors Virgin Islands Corporation*

**EUGENIO W.A. GÉIGEL-SIMOUNET, ESQ.**
GS Law Offices P.C.
Gallows Bay, VI 00824
*For Rubber & Gasket Company of Puerto Rico, Inc.*

**W. MARK WILCZYNSKI, ESQ.**
Law Office of W. Mark Wilczynski, P.C.
St. Thomas, VI 00804
*For John Crane, Inc. and Madsen & Howell, Inc.*

**JAMES L. HYMES, III, ESQ.**
Law Office of James L. Hymes, III, P.C.
St. Thomas, VI 00804
*For Foster Wheeler, LLC*

**SIMONE R.D. FRANCIS, ESQ.**
**SOFIA L. MITCHELL, ESQ**
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
St. Thomas, VI 00802
*For 3M Company and 3M Puerto Rico, Inc.*

## MEMORANDUM OPINION

**WILLOCKS**, Presiding Judge

¶1　**BEFORE THE COURT** is a motion filed by Third-Party Defendant Parsons Government Services, Inc. (hereinafter "Parsons") to strike the Amended Third-Party Complaint filed by Defendants / Third-Party Plaintiffs Hess Oil Virgin Islands Corporation (hereinafter "HOVIC") and Hess Corporation (hereinafter "Hess") (collectively "Third-Party Plaintiffs").[1,2] Third-Party Defendants Control Associates, Gerard Packing and Belting Corporation, Sterling Packing & Gasket, and Standco Industries, Inc. join in the motion to strike. Third-Party Plaintiffs oppose the motion. The Court heard oral argument from Parsons and Hess and HOVIC and took the motion under advisement.

¶2　The question raised here is not complicated: does the language in Rule 41 providing that a stipulation for dismissal signed by all parties who have appeared include former parties for it to be self-executing without action by the court. The Court agrees with and joins the other courts that have held that it does. Accordingly, for reasons explained further below, the Court will deny Parsons's motion to strike. However, because resolving the question Parsons raises may lead to the ultimate termination of this litigation—insofar as most if not all other Third-Party Defendants filed their own motions largely seeking

---

[1] When the complaint was filed, Hess was known as Amerada Hess Corporation. Similarly, after the third-party complaint was filed, HOVIC was acquired by Hess Oil New York Corporation. To avoid confusion, the Court will continue referring to Third-Party Plaintiffs as Hess and HOVIC.

[2] By agreement of the parties, and approval of the Court, Parsons filed an amended motion to which Third-Party Plaintiffs filed an amended response, the effect of which was to withdraw the initial motion and response. Additionally, after the amended motion and response were filed, Third-Party Plaintiffs filed an amended third-party complaint. The parties later stipulated, with the Court's approval, that Parsons's amended motion would be deemed to apply to the amended third-party complaint.

the same or similar relief—the Court will certify the question of law for interlocutory appeal to the Supreme Court of the Virgin Islands.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

¶3      Neither the factual background nor the procedural history of this case is in dispute. In 2006, two groups of cases were filed by persons who had worked at the former oil refinery on St. Croix. The first group of cases, a total of forty-three, was filed in February 2006. The second group of cases, a total of thirty-one, was filed in October 2006. In between February and October 2006, Litwin Corporation (hereinafter "Litwin") had dissolved and ceased to exist. The plaintiffs in the first group of cases named Litwin as a defendant. The plaintiffs in the second group of cases could not. So instead, they named SPX Corporation (hereinafter "SPX") as Litwin's successor-in-interest. Litwin appeared in the first group of cases, answered the complaints, and filed third-party complaints. For reasons unclear from the record, Litwin's alleged successor, SPX, did not answer the complaints in the second group of cases. Instead, SPX, through different counsel, stipulated with each plaintiff in the second group, including Joseph Mathurin (the plaintiff in this case), to a dismissal. Once SPX was dismissed from the second group of cases, Hess and HOVIC were the only remaining defendants.

¶4      A master case was opened in August 2007, under the caption *In re: Refinery Dust Claims*, to coordinate pre-trial proceedings in both groups of cases. In February 2012, Mr. Mathurin filed an emergency motion within this case requesting an immediate trial date due to his failing health, which this Court subsequently granted over Hess and HOVIC's opposition. *See generally In re: Refinery Dust Claims*, SX-2006-CV-00078, 2012 V.I. LEXIS 109 (V.I. Super. Ct. Apr. 30, 2012) (denying reconsideration of order scheduling jury selection and trial). Jury selection and trial was later cancelled, however, when Mr. Mathurin notified the Court that his claims were being amicably resolved and trial was, therefore, not necessary.

¶5    On August 21, 2013, all remaining parties to the first-party ligation, namely Hess, HOVIC, and Litwin (SPX having been dismissed), as well as all Third-Party Defendants who had appeared on Litwin's third-party claims, jointly filed a stipulation in the master case, agreeing to dismiss all claims against all parties. Multiple proposed orders were attached and signed, dismissing, both on a global basis and individually in each case, all claims against all remaining parties. By the end of August 2013, seventy-three of the seventy-four *Refinery Dust Claims* cases had been dismissed entirely between all parties who had appeared and had not been previously dismissed. For reasons unclear from the record, however, Mr. Mathurin's case was not included among the cases to be dismissed by the August 21, 2013 stipulation. In fact, it would not be for another two years, or until April 15, 2015, that the parties stipulated to dismiss Mr. Mathurin's claims against Hess and HOVIC. Again, for reasons unclear from the record, the April 15, 2015 stipulation, which was filed in the master case as well as Mr. Mathurin's individual case, was signed by Hess and HOVIC – but also by Litwin and Litwin's Third-Party Defendants, who were never parties to Mr. Mathurin's case because Mr. Mathurin did not sue Litwin directly. Rather, he had sued SPX as successor to Litwin. SPX, who appeared in 2006 only to be dismissed, did not sign the April 15, 2015 stipulation.

¶6    This Court (to whom the *Refinery Dust Claims* cases were assigned at the time) held off on approving the April 15, 2015 stipulation in *Mathurin* until other issues were resolved. *See In re: Refinery Dust Claims*, Master Case No. SX-06-CV-78, 2016 V.I. LEXIS 48, *7 n.8 (V.I. Super. Ct. May 3, 2016) ("The Court withheld signing off on the stipulation and dismissing Plaintiff Joseph Mathurin's lawsuit until the miscellaneous filings under the master docket and each plaintiff's individual docket are addressed."). Among the issues to be resolved was a motion that Hess and HOVIC had filed in the master case on April 1, 2011, for leave to file a third-party complaint. Hess and HOVIC had represented in an April 22, 2015 informative notice that their third-party complaint motion was still pending. This Court, in

a May 3, 2016 Memorandum Opinion and Order, later granted Hess and HOVIC's motion. The Opinion

and the Order were slightly in conflict in that the Opinion directed that Hess and HOVIC "should file one

third-party complaint in each of the seventy-four cases grouped under this master case. But the [O]rder

accompanying the [O]pinion had said that the third-party complaint was deemed filed and should be

served." *In re: Refinery Dust Claims*, Master Case No. SX-2006-CV-078, 2020 V.I. LEXIS 67, *1-2 (V.I.

Super. Ct. Apr. 25, 2020). "Understandably, Hess and HOVIC were unsure how to proceed. Rather than

err on the side of caution and file seventy-four third-party complaints, they [moved for clarification and]

awaited a ruling." *Id.* at *2.

¶7      In the interim, the Complex Litigation Division of the Superior Court of the Virgin Islands was

established and all complex cases, including the *Refinery Dust Claims* cases, were transferred to the new

division and reassigned to another Superior Court judge. That Court (Molloy, J.) later clarified this Court's

May 3, 2016 Memorandum Opinion, which had granted Hess and HOVIC leave to file third-party claims,

and also vacated the Opinion in part. The Court summarized the proceedings after transfer to the Complex

Litigation Division as follows:

> The Court granted . . . [Hess and HOVIC's clarification] motion and clarified that one third-party complaint per case should be filed. The Court also scheduled a status conference for December 11, 2019. But upon further reflection, and after reviewing the individual cases in advance of status conference, the Court realized that Hess and HOVIC had been dismissed by stipulation from every case except one, *Mathurin*, before the Court issued it[s] May 3, 2016 Opinion. *Mathurin* was still pending when the Court issued its May 3, 2016 Opinion. So, the Court concluded that Hess and HOVIC could [only] proceed with their third-party claims in that [one] case. After conducting its review, the Court cancelled the status conference and issued the December 13, 2019 Opinion vacating [in part] the May 3, 2016 Opinion. The Court concluded, in essence, that it could not permit ancillary litigation—since all third-party claims are subordinate to first-party claims—to proceed in cases that were effectively closed, just not on the Court's docket. *Cf. In re: Refinery Dust Claims*, 72 V.I. 256, 260 ("Granting Hess and HOVIC leave to file third-party complaints in closed cases was in error.").
>
> Rather than file seventy-three new complaints, or seventy-three notices of appeal, Hess and HOVIC instead ask[ed] the Court to vacate its December 13, 2019 Opinion, reinstate

the May 3, 2016 Opinion, and permit them to file seventy-three third-party complaints. Parsons . . . a non-party who would become a third-party in *Mathurin*[] once Hess and HOVIC served it with process, filed a motion for partial reconsideration and several ancillary motions to extend time and exceed briefing limits. Hess and HOVIC consented to the ancillary motions for more time and more pages, but opposed, and moved to strike, Parsons'[s] reconsideration motion. *Id.* at *2-3.

¶8 The Court (Molloy, J.) then granted Hess and HOVIC's motion to strike Parsons's motion for reconsideration, but denied Hess and HOVIC's motion for relief from the December 13, 2019 Opinion and Order. The Court reasoned that Parsons, as a nonparty, could not preemptively block a party from filing a complaint. *See generally id.* at *8-9 ("By asking the Court to reconsider its decision to allow the third-party claims to proceed in *Mathurin*, Parsons is trying to block Hess and HOVIC from filing their complaint. The way to do that is by moving to dismiss *after* the complaint has been filed. All the arguments Parsons raised in its motion to reconsider . . . can be asserted in a motion to dismiss filed in *Mathurin*." (emphasis added)). And Hess and HOVIC's motion for relief had no merit, the Court concluded. *See id.* at *4 ("All the argument in the world would not change the procedural posture of these cases, namely that Hess and HOVIC had been dismissed from all but one case, *Mathurin*, long before the Court issued its May 3, 2016 Opinion."); *see also id.* at *6-7 ("Next, Hess and HOVIC contend that the Court abused its discretion when it concluded that the motion for leave to file a third-party complaint may have been implicitly denied when the Court approved the stipulations dismissing Hess and HOVIC. Even if that is correct . . . the Court may have abused its discretion when it approved the [August 21, 2013] stipulations and dismissed Hess and HOVIC from the Group Two cases, without ruling on the [April 1, 2011] motion for leave to file a third-party complaint first. Neither the May 3, 2016 Opinion nor the December 13, 2019 Opinion could fix that error."). Thus, the Court denied relief from its December 13, 2019 Opinion, and struck Parsons's motion for reconsideration.

¶9 Parsons repackaged its reconsideration motion and refiled it in *Mathurin* as a motion to strike the

third-party complaint. Hess and HOVIC responded in opposition. Gerard Packing and Belting Corporation, Sterling Packing & Gasket, Standco Industries, Inc., and Control Associates, joined in Parsons's motion. All but Gerard Packing and Belting Corporation had also answered Hess and HOVIC's third-party complaint before joining the motion to strike.

## II.    DISCUSSION

¶10    Rule 14(a)(1) of the Virgin Islands Rules of Civil Procedure provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." If the defendant's "original answer" was filed more than fourteen days earlier, then "the [defendant /] third-party plaintiff must, by motion, obtain the court's leave . . . ." Here, Hess and HOVIC each filed an answer on November 2, 2006. The time to implead nonparties by third-party complaint had long passed by April 1, 2011, when they sought leave of court. Leave was granted, initially by the May 3, 2016 Memorandum Opinion and Order, as modified by the December 13, 2019 Memorandum Opinion and Order. The Third-Party Complaint was filed on January 9, 2020 and amended on May 28, 2020.

¶11    Parsons moved pursuant to Rule 14(a)(4) to strike Hess and HOVIC's amended third-party complaint. Rule 14(a)(4) provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." To date, no court in the Virgin Islands has considered when Rule 14(a)(4) applies. Federal courts have acknowledged that motions to strike may be motions to dismiss in disguise. *See, e.g., Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1046 (W.D. Tenn. 2011) ("Where a motion argues that a party is not entitled to the relief he seeks, it is construed as a motion to dismiss . . . even if the motion is denominated a 'motion to strike.'"). *Cf. Alkon v. Kuykendall*, 70 V.I. 509 (Super. Ct. 2019) (denying motion to strike third-party complaint). In this instance, for example, Parsons's moved to strike Hess and HOVIC's third-party claims, while other Third-Party Defendants moved to dismiss it.

Presumably, if a court strikes third-party claims, the claims mat have to be struck for all third-party defendants. *But cf. Caplen v. Sturge*, 35 F.R.D. 176, 177 (E.D. Pa. 1964) (finding waiver of objections to joinder of third parties by filing answer and participating in litigation) ("[T]he third party defendant in this action has completely waived any objections to its joinder by filing an answer demanding a jury trial, and joining a fourth party defendant."). Thus, before addressing the substance of Parsons's arguments, the Court must first consider whether Parsons's motion to strike the Amended Third-Party claims Complaint should be construed as a motion to dismiss. There is little precedent directly on point in this area. Thus, the Court must rely on general principles to draw specific conclusions.

¶12　　Motions to strike go to the form of a pleading while motions to dismiss concern substance. *See, e.g., McCullar*, 765 F. Supp. 2d at 1046 ("Courts have 'held that a motion to strike is an inappropriate procedural mechanism to challenge an allegation in a complaint that is not "redundant, immaterial, impertinent, or scandalous" or that does not state an insufficient defense.'" (citation omitted)); *accord Guthrie v. Howland*, 73 N.E. 259, 262-63 (Ind. 1905) ("'[I]t is error to strike out a complaint on the ground that it does not state facts sufficient to constitute a cause of action. . . . [I]f the facts stated are not sufficient to constitute a cause of action the plaintiff has a right to amend his complaint so it will state a cause of action. This he could not do if the pleading was stricken out. The same rule applies to a cross-complaint.'" (citations omitted)). *See also Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 660 (Del. Super. Ct. 1985) ("A motion to strike differs from a motion for summary judgment in that a 'motion to strike will reach formal defects only' while on a motion for summary judgment the sufficiency of the pleadings, in matters of form as well as substance, will be tried."). In addition, once a pleading is stricken, it is struck in its entirety. *See, e.g., Kahle v. Crown Oil Co.*, 100 N.E. 681, 685 (Ind. 1913) ("'When a pleading is stricken out, it cannot be amended, for it is out of the record. The party then must either reserve the question by a bill of exceptions and seek relief in th[e appellate] court, or obtain the leave of the [trial]

court to file another pleading.'" (citation omitted)); *Bergen Twp. v. Nelson Cty.*, 156 N.W. 559, 559 (N.D. 1915) ("If a complaint is stricken from the files without leave to serve an amended complaint, it in effect amounts to a dismissal or termination of the action."). It follows then, that if a pleading is stricken from the record, it must be stricken as to all opposing parties, including non-moving parties. Generally speaking, "the pleadings control the case, setting the parameters for discovery . . . ." *Cruzan Tires v. Gov't of the V.I.*, No. SX-18-CV-042, 2018 V.I. LEXIS 91, *12 (V.I. Super. Ct. Sep. 5, 2018) A pleading cannot be both of record and not of record, controlling as to some but not all opposing parties.

¶13    Concerning third-party litigation, a motion to strike also differs from a motion to dismiss in one further aspect. A defendant must obtain leave to file a third-party complaint if the time to file as of right has passed. *See* V.I. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."). Consequently, when a party challenges the circumstances upon which leave was granted—not the merit of the third-party claims—the proper procedure is to move to strike, not to dismiss. "Any party may move to strike the third-party claim . . . ." V.I. R. Civ. P. 14(a)(4). "'If any party desires to test the propriety of an order permitting a third-party to be brought in, the proper procedure is to move to vacate such order.'" *Falcone v. City of N.Y.*, 2 F.R.D. 87, 89 (E.D.N.Y. 1941) (quoting *Satink v. Holland Twnshp.*, 28 F. Supp. 67 (D.N.J. 1939)); *accord Murphy v. Keller Indus.*, 201 F.R.D. 317, 319 (S.D.N.Y. 2001) ("The Rule thus authorizes a motion by the impleaded party challenging the district court's prior decision to allow the defendant to implead the third-party defendant."); *Crim v. Lumbermens Mut. Cas. Co.*, 26 F. Supp. 715, 718 (D.D.C. 1939) ("The third party complaint does state a claim upon which relief can be granted. Counsel do not urge the first ground of the motion to dismiss, but contend that 'the point raised by the motion to dismiss is simply this: that the claim set forth in the third

party complaint is different from the claim set forth in the declaration, and, therefore, the third party complaint is improperly filed under the terms of Rule 14. The better practice in this instance would seem to be a motion to vacate the order granting leave to file the third party complaint and to strike the complaint. The motion to dismiss, therefore, will be treated as a motion to vacate." (citation omitted)). Accordingly, this Court holds that, under Rule 14(a)(4) of the Virgin Islands Rules of Civil Procedure, a motion to strike a third-party complaint targets the propriety of an earlier order granting leave to implead nonparties. Since Parsons challenges the Court's decision to grant Hess and HOVIC leave to file a third-party complaint, its motion seeks to strike the Amended Third-Party Complaint not to dismiss it for failure to state a claim for relief.

¶14    The joinder in Parson's motion by Sterling Packing & Gasket, Standco Industries, Inc., and Control Associates is concerning, however, because all three answered Hess and HOVIC's third-party claims before joining the motion to strike. Presumably, by answering a third-party complaint, a third-party defendant waives the right to move to strike. *Cf. Ark. Bankers Life Ins. Co. v. Tomerlin*, No. CA99-114, 1999 WL 1096106, *2 (Ark. Ct. App. Dec. 1, 1999) ("Cases under the similar Fed. R. Civ. P. 14 have held that the objection to an improperly-filed third-party complaint must be timely." (collecting cases)). *See also Colonial Pipeline Co. v. AIG Specialty Ins. Co.*, No. 1:19-CV-00762, 2020 WL 2615560, *8 (N.D. Ga. May 22, 2020) ("'Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss must be made before an answer is filed.' The same deadline is widely thought to govern Rule 14 motions to dismiss." (citation omitted)). But, as noted earlier, a pleading cannot be pending against some but not all opposing parties. Said differently, since the Third-Party Plaintiffs did not object to their joinder, and the Court cannot strike Hess and HOVIC's Amended Third-Party Complaint as to Parsons while leaving it on file as to the remaining Third-Party Defendants, the Court finds no prejudice or harm here in Sterling Packing & Gasket, Standco Industries, Inc., and Control Associates having joined in Parsons's

motion after having answered the third-party claims.

¶15    Turning to the merits, Parsons moves to strike Hess and HOVIC's Amended Third-Party Complaint for one reason: this case was effectively closed *before* leave was granted. To explain, Hess and HOVIC had filed their motion in the master case for on April 1, 2011, leave to file a third-party complaint. Approximately two years later, on August 21, 2013, all parties who had appeared in the *Refinery Dust Claims* cases (and who had not been dismissed, like SPX) filed the global stipulation in the master case to dismiss all cases except *Mathurin*.[3] Hess and HOVIC's motion was still pending when the global stipulation was filed and had not been ruled on before the Court approved the stipulations and issued seventy-three orders, one for each individual case. Hess and HOVIC's motion remained pending on April 15, 2015, when Mr. Mathurin, Hess, and HOVIC—joined by nonparties to this case such as Litwin and Litwin's Third-Party Defendants: UOP, LLC, Shell Oil Company, Riggers & Erectors International, Inc., Virgin Islands Industrial Maintenance Corporation, and Chicago Bridge & Iron Company—filed a stipulation to dismiss this action. Although the April 15, 2015 Stipulation was not approved until January 19, 2017—and by then, the Court had issued its May 3, 2016 Memorandum Opinion granting Hess and HOVIC leave to file a third-party complaint—Parsons maintains that was in error because this case was already closed.

¶16    Parsons maintains that this case was closed on April 15, 2015 because the stipulation was self-executing. Pursuant to Rule 41, "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." V.I. R. Civ. P. 41(a)(1)(A)(ii).[4] Hess

---

[3] Again, why this case was not included is unclear but perhaps the parties believed it had been dismissed shortly after the jury trial was cancelled. Nonetheless, nothing formal was filed by the parties stating that Hess and HOVIC—the only two parties remaining in this case after SPX was dismissed—had settled with Mr. Mathurin.

[4] At the time when the parties filed the April 15, 2015 Stipulation, Rule 41 of the Federal Rules of Civil Procedure applied through Superior Court Rule 7, prior to the adoption of the Virgin Islands Rules of Civil Procedure. However, because the Virgin Islands Rule mirrors the Federal rule, the Court cites to the local rule to avoid confusion.

and HOVIC had appeared in this case and Hess and HOVIC signed the stipulation filed on April 15, 2015. Although SPX had also appeared, but did not sign the stipulation, Parsons maintains that SPX did not have to sign – because SPX had been dismissed nine years earlier in 2006. And herein lies the problem. As noted, initially this "Court withheld signing off on the stipulation and dismissing Plaintiff Joseph Mathurin's lawsuit until the miscellaneous filings under the master docket and each plaintiff's individual docket [we]re addressed." *In re: Refinery Dust Claims*, 2016 V.I. LEXIS 48 at *7 n.8. After granting Hess and HOVIC's motion, the Court then approved the April 15, 2015 Stipulation. Another Superior Court judge realized, after closer review, that all the cases grouped under the *Refinery Dust Claims* master case except this case had been closed, either when the global stipulation was filed (assuming SPX did not have to sign), or when this Court approved the stipulation and issued the seventy-three orders. However, because this Court had not approved the April 15, 2015 Stipulation until January 19, 2017, after granting Hess and HOVIC's motion for leave to file a third-party complaint, the other Superior Court judge concluded that the May 3, 2016 Memorandum Opinion and Order was effective only for *Mathurin* because SPX did not sign the April 15, 2015 Stipulation. In other words, the Stipulation was not effective without court order because it was only signed by Mr. Mathurin, Hess, and HOVIC but not SPX. It became effective when the Court approved it on January 19, 2017 – and by then, the Court had granted Hess and HOVIC leave to file their third-party complaint.

¶17    In reconsidering and partially vacating this Court's May 3, 2016 Memorandum Opinion and Order, the other Superior Court judge relied in part on *In re: Alumina Dust Claims*, 71 V.I. 443, 456 (Super. Ct. 2019), which held "that a stipulation for dismissal must be 'signed by all parties who have appeared,' which includes former or dismissed parties." Since the April 15, 2015 Stipulation was not signed by SPX, it was not self-executing. Parsons disagrees. Parsons contends that dismissed parties should no longer be considered parties for Rule 41 purposes. Parsons raises several legitimate concerns with a plain language

reading of the rule. As Hess and HOVIC point out in opposition, "some of Parsons' advisory committee-like comments are appealing, and our Supreme Court may want to consider revising Rule 41(a) to accommodate Parsons' interpretation and avoid what Parsons characterizes as unwieldly consequences of the current rule language." (Defs. / Third-Party Pls.' Resp. in Opp'n to Parsons's First Am. Mot. to Strike 2, filed July 28, 2020.) "But again, that is a matter for our Supreme Court in its neutral capacity to promulgate rules[,]" as Third-Party Plaintiffs correctly point out. *Id.*

¶18    What Parsons misunderstands is that dismissed parties technically remain parties for some purposes until a final order is entered. *Cf. Hosch v. Wachovia Bank, N.A.*, No. 4:10-CV-0191-HLM, 2011 U.S. Dist. LEXIS 166860, *4 (N.D. Ga. Aug. 29, 2011) ("[T]he Motion to Strike fails on its merits. First, because the Court has not entered a final judgment in this matter, Wachovia and Wells Fargo technically remain parties to this litigation."); *Evanston Ins. Co. v. Oea, Inc.*, No. CIV. S-02-1505 DFL PAN, 2004 U.S. Dist. LEXIS 33856, *7 (E.D. Cal. Nov. 19, 2004) ("Although the Rules do not define the term 'party,' it is clear that Evanston (*and all other parties whose claims have been resolved on summary judgment*) remain 'parties' to this case." (emphasis added)); *In re: "Agent Orange" Prod. Liab. Litig.*, 95 F.R.D. 192, 194 (E.D.N.Y. 1982) ("Until such a final judgment is entered, the government is still a party to these actions."). The reason why is clear: an order dismissing fewer than all parties is interlocutory and can be vacated at any time. Thus, dismissed parties can always be reinstated in the action on proper grounds. *Cf. Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596 (2013).

¶19    But perhaps more importantly, a plaintiff dismissing an action by filing a stipulation signed by all parties who have appeared is one of the rare occasions in the life of a case where the power to act on that document is taken away from a trial court judge. Understandably, courts strictly enforce the language of the rule to avoid confusion and the potential for abuse. *See, e.g., Navarette-Olvera v. Worthington Indus.*, No. 19-1083-JTM, 2020 U.S. Dist. LEXIS 148743, *1 (D. Kan. Aug. 18, 2020) ("The "'plain words

themselves'" of Rule 41(a) require that a stipulation for dismissal be signed by "'all parties who have appeared'" in the action. A stipulation not signed by the plaintiff does not satisfy the requirements of Rule 41(a)(1)(A)(ii)." (citation omitted)); *Striplin v. Vaughn & Sons Trucking, LLC*, No. CIV-19-57-G, 2019 U.S. Dist. LEXIS 215794, *2 (W.D. Okla. Dec. 16, 2019) (finding stipulation for dismissal ineffective because it was not signed by one of three plaintiffs or one of several defendants).

¶20     Several federal and Virgin Islands courts have recognized that dismissed parties remain parties for purposes of signing a self-executing stipulation for dismissal. *See Alumina Dust Claims*, 71 V.I. at 456; *Jones v. Lockheed Martin Corp.*, 68 V.I. 158, 186 n.10 (Super. Ct. 2017); *Certain Underwriters at Lloyd's London v. Boqueron Commun. Grp. (V.I.), Inc.*, Civil Action No. 2013-0062, 2020 U.S. Dist. LEXIS 241171, *2 (D.V.I. Dec. 23, 2020). *Cf. Anderson-Tully Co. v. Federal Ins. Co.*, 347 F. Appx. 171 (6th Cir. 2009); *Tanzanian Gold Corp. v. Crede CG III, Ltd.*, No. 18-cv-4201 (LJL), 2021 U.S. Dist. LEXIS 7652, at *3 (S.D.N.Y. Jan. 13, 2021) (case closed in error because dismissed defendant's sanctions motion remained pending; stipulation purportedly signed by all who remained was ineffective); *Alholm v. Am. S.S. Co.*, 167 F.R.D. 75, 79-80 (D. Minn. 1996) (stipulation not self-executing when not signed by dismissed defendants) ("Indisputably, the Stipulation at issue has not been executed by the Medical Defendants who—with equal certainty—'have appeared in the action.' Although the Plaintiff appears to contend that no particular meaning attaches to this language, we are not satisfied that those who chose to employ this qualifier intended it to be a mere nullity."), *aff'd* No. 5-94-CV-19, 1996 U.S. Dist. LEXIS 7229 (D. Minn. Feb. 16, 1996). *See also SEC v. One Or More Unknown Purchasers of Sec. of Glob. Indus.*, No. 11 Civ 6500, 2014 U.S. Dist. LEXIS 71301, *10 n.2 (S.D.N.Y. May 23, 2014) (collecting cases regarding divergent applications of rule); *see* 8 James Wm. Moore, et al., *Moore's Federal Practice - Civil* § 41.34 (2021) ("Even previously dismissed defendants must sign the stipulation of dismissal.").

¶21     This Court agrees with the reasoning espoused by a District Court judge in another complex, multi-

party case, rejecting similar arguments as Parsons offers here. In *Everett v. BRP-Powertrain GmbH & Co. KG*, 282 F. Supp. 3d 1063, 1066-67 (E.D. Wis. 2017) (citation omitted), the United States District Court for the Eastern District of Wisconsin reasoned that,

> Rule 41 is ambiguous as to what it means by "all parties who have appeared." It is reasonable to interpret this language . . . as applying only to parties who have not already been dismissed from the case as of the date the stipulation is filed. This reading of the rule is supported by the fact that parties who are dismissed from a case usually are no longer considered "parties" for purposes of the federal rules. For example, Rule 5(a) requires service of papers on "every party," yet it is unlikely that a court would interpret this rule to require service on parties who have long been dismissed from the case. But it is also reasonable to interpret the phrase "all parties who have appeared" to include parties who have appeared in the case but have since been dismissed by nonfinal orders. Dismissed parties once were parties, and if they have appeared in the case, it is no abuse of language to describe them as "parties who have appeared."

> The defendants contend that my reading of the parties-who-have-appeared language would produce absurd results, in that in years-long, complex, multi-defendant litigation, the last settling defendant would have to track down and obtain written consent from every defendant to have ever appeared in the case before the case could be dismissed without a court order under Rule 41(a)(1)(A)(ii). But I do not find this result absurd. Although the plaintiff and the last defendant could not use a stipulation of dismissal to end the action without obtaining consent from the previously dismissed defendants, the plaintiff could still file a motion to have the court dismiss the action under Rule 41(a)(2), and the court could grant that motion without receiving the consent of the previously dismissed defendants. Moreover, it makes sense to require a plaintiff to obtain the consent of a previously dismissed defendant before he or she may voluntarily dismiss the action. A dismissal under Rule 41(a) can be without prejudice. A previously dismissed defendant may have obtained a dismissal on the merits—say pursuant to a motion for summary judgment—but unless a judgment were entered in that defendant's favor under Rule 54(b), the dismissal would be nonfinal. If the plaintiff and the remaining defendant thereafter stipulated to a dismissal of the action without prejudice, the plaintiff could file a fresh action against the previously dismissed defendant, and possibly the nonfinal order entered against that defendant would have no preclusive effect in the new action. Thus, requiring the consent of the previously dismissed defendant prevents the voluntary dismissal from causing prejudice to that defendant. And protecting defendants from prejudicial voluntary dismissals is one of the purposes of Rule 41(a). It is thus consistent with the rule's purpose to require previously dismissed defendants to sign a stipulation of dismissal of the action.

*Everett* offers several compelling points for concluding that dismissed parties, so long as they appeared, must sign a stipulation for dismissal for it to be self-executing without a court order.

¶22　However, the most compelling reason is the simplest: the plain language of the rule. "The canons of construction in statutory interpretation apply equally to the interpretation of court procedural rules." *Whyte v. Bockino*, 69 V.I. 749, 754 (2018). The plain language of Rule 41(a)(1)(A)(ii) does not include the language that Parsons wants it to include: all parties who have appeared and have not been dismissed. Consequently, this Court believes that "it would be necessary to amend the language of the rule to reflect that interpretation — thereby ensuring that the meaning of the rule is unambiguous and putting all parties to future suits on notice . . . ." *Id.* at 756.

¶23　Nonetheless, as the *Everett* court acknowledged, Rule 41 may be ambiguous as to what "all parties" means. While this Court, and several others, found no ambiguity, the Court concedes that a contrary interpretation would terminate this litigation. Therefore, because this question is controlling, and is strictly a legal question, the Court will certify to the Supreme Court of the Virgin Islands whether the language "all parties who have appeared" in Rule 41(a)(1)(A)(ii) includes dismissed parties. If the Virgin Islands Supreme Court concludes that it does not, then the Amended Third-Party Complaint might have to be stricken as to all Third-Party Defendants, which would terminate this litigation in its entirety.

### III.　CONCLUSION

¶24　For the reasons stated above, Parsons's motion to strike will be denied. However, because the answer to the question Parsons raises may be controlling, the Court will certify it for interlocutory appeal.

**DONE this** ___24th___ **day of November, 2021.**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk
Dated: ___11/8/2021___